ALBERT WARNER *v.* SIMON KONOVER ET AL.
(13460)

PETERS, C. J., HEALEY, SHEA, GLASS and SANTANIELLO, Js.

Argued January 11—decision released February 21, 1989

*Richard K. Mulroney,* with whom were *Dana P. Lonergan* and, on the brief, *Ben Schwimmer,* for the appellant (plaintiff).

*James M. Pickett,* with whom, on the brief, were *Morris R. Borea* and *Glenn T. Terk,* for the appellees (defendants).

PETERS, C. J. The dispositive issue in this appeal is whether the plaintiff tenant, Albert Warner, has stated a cause of action against his landlords, the defendants, Simon Konover, Marvin M. Patron, estate of A. Abner Rosen and estate of Martin Spector, for breach of contract arising out of the defendants' refusal to consent to an assignment of a lease of commercial premises. The defendants successfully moved to strike the plaintiff's complaint, and judgment was thereafter rendered in the trial court on their behalf. The plaintiff filed an appeal, which we transferred to this court pursuant to Practice Book § 4023. We find error.

In an appeal from a judgment following the granting of a motion to strike, "we must take the facts to be those alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency." *Michaud* v. *Wawruck,* 209 Conn. 407, 408, 551 A.2d 738 (1988), and cases cited therein. Accordingly, we assume the following factual circumstances concerning the parties' lease and their conduct pursuant thereto. On February 16, 1982, the plaintiff and the defendants entered into a five year lease of premises in the Tri-Town Shopping Plaza located on the Seymour/Ansonia line. The lease provides, in Article 13.01, that "Tenant will not assign this Lease in whole or in part, nor sublet all or any part of the Leased Premises, without the prior written consent of Landlord in each instance. . . . "[1] Four years later, the plaintiff contracted to sell the business that he was conducting on the leased premises. This sale was not consummated because it was contingent upon an assignment of the plaintiff's lease, and therefore required the defendants' consent, which they refused to give without a renegotiation of the rental payment. The plaintiff suffered financial losses because of his inability to sell his business.

---

[1] The plaintiff attached the lease to his complaint. Article XIII of the lease, entitled Assignment and Subletting, provides as follows: "13.01 Tenant will not assign this Lease in whole or in part, nor sublet all or any part of the Leased Premises, without the prior written consent of Landlord in each instance. In the event that Tenant so assigns or sublets this Lease, Tenant shall pay to Landlord all legal fees incurred by Landlord in connection with the negotiation, drafting and/or review by Landlord's attorneys of the terms and provisions of any instrument of assignment or subletting. The consent by Landlord to any assignment or subletting shall not constitute a waiver of the necessity for such consent to any subsequent assignment or subletting. This prohibition against assigning or subletting shall be construed to include a prohibition against any assignment or subletting by operation of law. If this Lease be assigned, or if the Leased Premises or any part thereof be underlet or occupied by anybody other than Tenant, Landlord may collect rent from the assignee, under-tenant or occupant, and apply the net amount collected to the rent herein reserved, but no such assignment, underletting, occupancy or collection shall be deemed a waiver

The defendants' motion to strike the complaint relied on the terms of Article 13.01 of the lease as authority for their refusal to consent to the assignment. In the absence of a clause in the lease specifying that consent should not be unreasonably withheld, they maintained that they had reserved unfettered discretion to withhold their consent. The trial court granted the defendants' motion without filing a memorandum of decision.

On appeal, the plaintiff contends that the trial court erred in accepting the defendants' argument that they had an absolute right to refuse to consent to an assignment of his lease. The defendants maintain that Connecticut case law supports their position. We agree with the plaintiff.

It is true that this court has twice stated that, when a lease requires a landlord's prior written consent as a condition to its assignment, a landlord "could refuse to consent to an assignment and the reasons for its actions [would be] immaterial. *Robinson* v. *Weitz,* 171 Conn. 545, 549, 370 A.2d 1066 (1976)." *Danpar Associates* v. *Somersville Mills Sales Room, Inc.,* 182 Conn. 444, 447, 438 A.2d 708 (1980). A careful reading of these cases discloses, however, that neither *Robinson* nor *Danpar Associates* controls this case. The issue in *Robinson* was the interpretation of an assignment in which the landlord expressly agreed that " 'consent will not be unreasonably withheld.' " *Robinson* v. *Weitz,*

---

of this covenant, or the acceptance of the assignee, under-tenant or occupant as tenant, or a release of Tenant from further performance by Tenant of convenants on the part of Tenant herein contained. Notwithstanding any assignment or sublease, Tenant shall remain primarily liable on this Lease during the term of this Lease and any extensions thereof and shall not be released from performing any of the terms, covenants and conditions of this Lease, but Tenant and such assignee shall thereafter be jointly and severally liable for the full and faithful performance of the obligations of Tenant under this Lease. If the Tenant is a corporation, the sale or transfer of twenty-five (25%) percent or more of its voting stock shall be deemed an assignment for purposes of this Article XIII."

supra, 549. The court's dictum about a landlord's greater right to withhold consent under other circumstances merely cited similar holdings in other jurisdictions. *Danpar Associates* involved a landlord's action claiming damages for a tenant's breach, in which we held that, despite a landlord's theoretical right to refuse consent to an assignment, its duty to mitigate damages operated as a practical constraint on its exercise of such a right. *Danpar Associates* v. *Somersville Mills Sales Room, Inc.,* supra, 446–47.

The precedent that we deem more persuasive than either *Robinson* or *Danpar Associates* is a case that neither party appears to have brought to the attention of the trial court. *Central New Haven Development Corporation* v. *La Crepe, Inc.,* 177 Conn. 212, 413 A.2d 840 (1979), involved a landlord's action to recover damages from a commercial tenant for breach of a lease. The tenant defended against liability on the basis of a clause giving it unfettered discretion to cancel the lease because of the landlord's conceded failure, three years earlier, to obtain a nondisturbance agreement from the mortgagee. Although the tenant's option to cancel was in terms unlimited, and the lease contained a nonwaiver clause, we held that the tenant was in breach because it had unreasonably delayed its exercise of its option. Id., 215–17. We relied squarely on § 205 (then § 231) of the Restatement (Second) of Contracts, which provides: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Id., 217.

If a commercial lease imposes a duty of good faith and fair dealing upon a tenant, there is no reason not to impose a similar duty upon a landlord. The provisions of § 205 of the Restatement are therefore as applicable in this case as they were in *La Crepe, Inc.* Accordingly, we hold that a landlord who contractually retains the discretion to withhold its consent to the

assignment of a tenant's lease must exercise that discretion in a manner consistent with good faith and fair dealing. Although this holding may well represent a minority position nationwide; see 1 M. Friedman, Leases (1978) § 7.304; a similar result has been reached in a number of other jurisdictions. See, e.g., *Homa-Goff Interiors, Inc.* v. *Cowden,* 350 So. 2d 1035, 1038 (Ala. 1977); *Fernandez* v. *Vazquez,* 397 So. 2d 1171, 1173 (Fla. App. 1981); *Arrington* v. *Walter E. Heller International Corporation,* 30 Ill. App. 3d 631, 640–41, 333 N.E.2d 50 (1975); *Shaker Building Co.* v. *Federal Lime & Stone Co.,* 28 Ohio Misc. 246, 252, 277 N.E.2d 584 (1971); and compare 2 Restatement (Second), Property, Landlord and Tenant (1977) § 15.2, comment i.

It would be premature, on the current state of the record, to decide what evidence would suffice to establish a breach of the implied covenant of good faith and fair dealing. Contrary to the defendants' assertion, in some circumstances there may well be a distinction between "good faith" and "commercial reasonableness." As comment (a) to § 205 notes: "The phrase 'good faith' is used in a variety of contexts, and its meaning varies somewhat with the context. Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving 'bad faith' because they violate community standards of decency, fairness or reasonableness." 2 Restatement (Second), Contracts (1981) § 205; see also E.A. Farnsworth, Contracts (1982) § 7.17, pp. 526–28. Another commentator has suggested that, in arm's length transactions, the good faith performance doctrine permits the exercise of discretion for any purpose reasonably within the contemplation of the parties but forbids the exercise of discretion for the purpose of recapturing opportunities forgone at the

formation of the contract. S. Burton, "Breach of Contract and the Common Law Duty to Perform in Good Faith," 94 Harv. L. Rev. 369, 378–92 (1980). We have recognized a difference between good faith and commercial reasonableness in other instances. *Funding Consultants, Inc.* v. *Aetna Casualty & Surety Co.,* 187 Conn. 637, 642–43, 447 A.2d 1163 (1982); *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 474–75, 427 A.2d 385 (1980).

The only issue that remains for us to resolve today is whether the plaintiff's complaint can reasonably be read to allege that the defendants' withholding of their consent to assignment of his lease constituted a breach of the implied covenant of good faith and fair dealing. The plaintiff maintains that he has met this threshold requirement in paragraph seven of his complaint. That paragraph states that "the defendants refused to consent to the assignment of said lease until such time as there was a re-negotiation of the rental of said premises." Bearing in mind our responsibility to construe the complaint "in the manner most favorable to sustaining its legal sufficiency"; *Michaud* v. *Wawruck,* supra, 408; we conclude that paragraph seven suffices to raise an issue about the legitimacy of the defendants' decision. While the defendants certainly had the right to exercise substantial discretion with regard to the reliability of any proffered assignee, their good faith is called into question if assignment to an assignee with impeccable credentials was conditioned upon a substantial increase in the rent to be paid during the unexpired term of the lease.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.