[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES AND COUNTERCLAIM
This case is brought in two counts against the defendants, the first seeking foreclosure of a mortgage and the second claiming damages against the defendants for breach of an "assignment" to the plaintiff by the defendants. This assignment, in effect, prohibited early rent collection, waivers, etc., by the defendants without the consent of the plaintiff. Damages are sought under this count.
The defendants have raised a special defense to each count and in addition have filed a counterclaim. The plaintiff has moved to strike both special defenses and the counterclaim.
The motion to strike challenges the legal sufficiency of the pleadings. The court must deem as admitted all well pleaded facts. See, Practice Book 152, Mingachos v. CBS, Inc. et al,196 Conn. 91, 100 (1985).
I. Special Defense to Foreclosure Action (1st Count).
This first special defense raised by the defendants is as follows:
1. The plaintiff has breached its duty of good faith and fair dealing to the defendants and, therefore, is estopped from foreclosing on the subject property.
2. The defendant, Capitol West Associates, Limited Partnership ("Capitol") had the opportunity to, and did on or about June 6, 1991, enter into a lease with Southern New England Telephone Company to lease to it approximately fifty thousand square feet of space in the subject premisess and Capitol had the opportunity to lease an additional 75,000 to 100,000 square feet of space to the State of Connecticut.
3. The plaintiff refused to deal with Capitol, SNET and the State of Connecticut in a manner which would have resulted in the lease-up of substantially the entire building. As a CT Page 6878 result, the damages claimed by plaintiff are substantially greater than they otherwise would have been and, further, plaintiff's said conduct eliminated any possibility that Capitol could have reinstated its loan with plaintiff, assuring Capitol's loss of the subject building and its equity therein.
Practice Book 164 provides that facts which are consistent with such statements (of the plaintiff), but show, notwithstanding, that he has no cause of action, must be specially alleged.
The defendants have alleged in this special defense that the actions by the plaintiff, in effect, impaired the validity of the mortgaged property so as to depreciate its value to such an extent as to deprive the defendants of their equity in the property.
Even though the defense alleged by the defendants arises out of actions by the plaintiff subsequent to default, if true could cause substantial harm to the defendants.[1]
Connecticut has long recognized the doctrine of good faith and fair dealing in the performance of contractual obligations. Magnon v. Anoconda Industries, Inc., 193 Conn. 558, 567 (1984). General Stats. 42a-1-203.
This doctrine has been reaffirmed by our Supreme Court in a landlord tenant situation wherein it reaffirmed its reliance on 205 of the Restatement (Second) of Contracts which provides: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Warner v. Konover, 210 Conn. 150, 154 (1989). Although the court recognized that there may well be a difference between "good faith" and "commercial reasonableness", it held, nevertheless, that such a claim constitutes a valid cause of action. Warner v. Konover, supra, 155-156.
Inasmuch as Practice Book 164 requires that a special defense contain facts consistent with the plaintiffs statements but show, notwithstanding, that he has no cause of action, this special defense complies with that section and is properly pleaded.
Further, a foreclosure action is equitable in nature. Boretz v. Segor, 124 Conn. 320, 324 (1938). In the event that on a trial the court found that the plaintiff's conduct was inequitable it could withhold foreclosure on such equitable considerations and principles. Lettieri v. American Savings Bank, 182 Conn. 1, 12 (1980), Hamm v. Taylor, 180 Conn. 491, 497
(1980). CT Page 6879
For these reasons, the motion to strike the first special defense is denied.
II. Special Defense To Breach of Contract Action (2nd Count).
This second special defense raised by the defendants is as follows:
1. The plaintiff has breached its duty of good faith and fair dealing to the defendants.
2. The defendant, Capitol West Associates, Limited Partnership ("Capitol") had the opportunity to, and did on or about June 6, 1991, enter into a lease with Southern New England Telephone Company to lease to it approximately fifty thousand square feet of space in the subject premises and Capitol had the opportunity to lease an additional 75,000 to 100,000 square feet of space to the State of Connecticut.
3. The plaintiff refused to deal with Capitol, SNET and the State of Connecticut in a manner which would have resulted in the lease-up of substantially the entire building. As a result, the damages claimed by plaintiff are substantially greater than they otherwise should have been and, further, plaintiff's said conduct eliminated any possibility that Capitol could have reinstated its loan with plaintiff, assuring Capitol's loss of the subject building and its equity therein.
This special defense, although not a model of draftsmanship, again raises the concept of fair dealing in the performance of a contract.
Interestingly enough, here again, the allegations of unfair dealing are "post breach" of the contact in question. Although the defendants would not have any right to reinstatement of their loan, the allegations would, in the opinion of the court, if proven, constitute at least a partial defense on the issue of damages and therefore, may be raised in the special defense for the same reasons cited above.
For these reasons, the motion to strike the second special defense is denied.
III. The Counterclaim.
The counterclaim filed by the defendants is as follows:
1. The plaintiff, Bank of Boston-Connecticut, is a Connecticut banking corporation with an office at 100 Pearl CT Page 6880 Street, Hartford, Connecticut.
2. The defendant, Capitol West Associates, Limited Partnership ("Capitol"), is a Connecticut limited partnership with a principle place of business at 62 Buckland Street, Suite 101, Manchester, Connecticut.
3. Capitol is the owner of certain real property known as 1 Myrtle Street, Hartford, Connecticut as more particularly described in Exhibit A attached to plaintiff's complaint in this matter.
4. Plaintiff breached its duty of good faith and fair dealing to Capitol.
5. The defendant, Capitol West Associates, Limited Partnership ("Capitol") had the opportunity to, and did on or about June 6, 1991, enter into a lease with Southern New England Telephone Company to lease to it approximately fifty thousand square feet of space in the subject premises and Capitol had the opportunity to lease an additional 75,000 to 100,000 square feet of space to the State of Connecticut.
6. The plaintiff refused to deal with Capitol, SNET and the State of Connecticut in a manner which would have resulted in the lease-up of substantially the entire building. As a result, the damages claimed by plaintiff are substantially greater than they otherwise would have been and, further, plaintiff's said conduct eliminated any possibility that Capitol could have reinstated its loan with plaintiff, assuring Capitol's loss of the subject building and its equity therein.
7. As a result of the foregoing, Capitol has suffered damages.
Here again, the defendants are alleging a cause of action based on good faith and fair dealing. See Magnum v. Anaconda Industries, Inc., supra; Warner v. Konover, supra.
Practice Book 116 permits the filing of a counterclaim provided that it "arises out of the transaction . . . which is the subject of the plaintiff's complaint;. . ."
Clearly this counterclaim arises out of the subject of the complaint and is proper in this case.
The motion to strike the counterclaim is, therefore, denied.
Freed, J. CT Page 6881