[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT AETNA CASUALTY SURETY COMPANY'S MOTION TO STRIKE THIRD PARTY COMPLAINT (#155)
On May 17, 1991 the plaintiff, Robert Carney, filed a four count revised complaint against the defendants, Pamela Mueller and Robert Greenblatt.
In the first count, the plaintiff alleges that defendant Mueller "has repeatedly engaged in conduct directed at the plaintiff, which was designed and intended to harass, intimidate injure and otherwise to inflict severe emotional distress upon the plaintiff" by threatening the plaintiff on a number of occasions. The plaintiff alleges that, as a result, he suffered severe emotional and physical distress and anguish.
In the second count, the plaintiff alleges that defendant Mueller maliciously made a false complaint to the West Haven Police Department that the plaintiff had committed the crime of assault and disorderly conduct by attacking defendant Mueller. The plaintiff alleges that he was arrested, and the charges against him were dismissed. The plaintiff alleges that the arrest caused him humiliation, disgrace, mental anguish, and physical discomfort.
In the third and fourth counts, the plaintiff realleges the allegations of the first and second counts, respectively, and alleges that defendant Greenblatt committed the torts in concert with defendant Mueller.
On April 10, 1992 defendant Greenblatt filed a two count second revised third party complaint against the third party CT Page 8003 defendants, Aetna Casualty Surety Company (hereinafter "Aetna"), and Ralph Parnes Associates (hereinafter "Parnes"), alleged to be the defendant Greenblatt's insurer and insurance agent respectively.
In the first count, third party plaintiff Greenblatt incorporates the allegations of the plaintiff's complaint. Greenblatt alleges that at the time of the alleged tortious conduct, he owned a liability insurance policy issued by Aetna, and that this policy provides coverage for the claims made by the plaintiff, i.e., the policy provides that the insurer will make payment on the insured's behalf and the insurer will defend the insured in any suit for damages brought for a personal injury arising out of an occurrence covered by the policy. Greenblatt alleges that the policy defines personal injury as including mental anguish, false arrest, and humiliation, and that Aetna has refused to defend him against a suit that alleges claims within the policy coverage. Greenblatt seeks to have Aetna held liable for any damages awarded to the plaintiff and for the costs of defending the suit against him.
In the second count Greenblatt alleges that third party defendant Parnes informed him that he did not have coverage for this suit, and that he relied on this information in hiring his own attorney and incurring expenses. Greenblatt alleges that Parnes was negligent in that it failed to determine the extent of his insurance coverage, and in that it failed to notify Aetna of this suit.
Before the court is Aetna's motion to strike the third party complaint as against Aetna. The motion to strike is based on the grounds that the third party complaint "fails to state a legally sufficient cause of action and further because the third party contract action is wholly unrelated to the intentional torts complained of in the first party action."
Aetna argues that the third party complaint addresses coverage pursuant to the insurance contract, is therefore unrelated to the underlying intentional tort allegations in the original complaint, that "[n]one of the allegations of the third party complaint supports a claim that the third party defendant is somehow liable for all or part of the defendant's intentional torts," and that 52-102a, Connecticut General Statutes, requires that a party be potentially liable to the defendant for the claims asserted in the original complaint in order to be impleaded as a third party defendant. It is Aetna's position that since the third party complaint seeks both indemnification and the recovery of the costs of defense, it goes beyond impleading an insurer for indemnification, which has been allowed by the courts. Alternatively, Aetna claims that the intentional CT Page 8004 torts alleged in the complaint are outside of the coverage of the insurance policy. In view of the court's ruling on the last claim made it is not necessary to discuss the other claims urged in support of the motion to strike. With respect to the last claim advanced by Aetna, Greenblatt argues that the allegations of the complaint are within the coverage of the insurance policy because there is no allegation that he, Greenblatt, expected or intended that the false arrest of the plaintiff would occur.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 208, 520 A.2d 217 (1987). It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34,37, 522 A.2d 1235 (1987). The court must construe the facts alleged in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). In passing upon a motion to strike, the trial court should only consider the grounds specified by the moving party; Blancato v. Feldspar Corp., supra, 44. Morris v. Hartford Courant Co., 200 Conn. 676,682, 513 A.2d 66 (1986); and only the facts alleged in the challenged pleadings. King v. Board of Education, 195 Conn. 90,93, 486 A.2d 1111 (1985).
Where the parties include contracts as exhibits to their pleadings, such contracts may be referred to on a motion to strike, because the contracts are incorporated into the pleadings. Benoit v. Connecticut Trails Council of Girl Scouts, Inc., 1 CTLR 47, 48 (November 22, 1989, Kulawiz, J.). See also Warner v. Konover,. 210 Conn. 150, 553 A.2d 1138 (1989) (In overturning the trial court's action of granting a motion to strike, the Supreme Court considered the terms of a lease, which was attached to the complaint.); Practice Book 141 ("Where the plaintiff desires to make a copy of any document a part of his complaint, he may, without . . . annexing it, refer to it as [an e]xhibit . . . as fully as if he had set it out at length[.]")
The policy states in 4.2: "This policy does not cover . . . any personal injury . . . caused by any act committed by or at the direction of an insured which is expected or intended by the insured."
"[T]he word intent . . . denotes that the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to follow from it." Mingachos v. CBS, Inc., 196 Conn. 91, 101, 491 A.2d 368 (1985). CT Page 8005
The plaintiff's revised complaint is incorporated by reference into the third party complaint. The fourth count of the plaintiff's complaint does not contain any express allegations that in maliciously making a false complaint to the police, Greenblatt desired to cause the plaintiff humiliation and mental anguish or that in making the false complaint, he believed that this result was substantially certain to follow. However, pursuant to the holding of D'Ulisse-Cupo v. Board of Directors, supra, facts necessarily implied from the allegations are admitted. It is clear to this court that the allegation that Greenblatt maliciously made a false complaint against the plaintiff would necessarily imply that he desired to cause the plaintiff humiliation and mental anguish. Greenblatt's allegations in his third party complaint against Aetna are obviously within the insurance policy's exclusion of intentional acts, and therefore, the allegations of the third party complain are insufficient to state a cause of action.
Accordingly, for the reasons above stated, third part Aetna's motion to strike the third party complaint is granted.
William L. Hadden, Jr., Judge