[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, the Aetna Casualty Surety Co. ("Aetna"), has instituted the present action seeking to recover sums claimed to be due to it under an indemnification agreement executed by the Quinn CT Page 5070 Construction Corporation ("the corporate defendant") and guaranteed by the individual defendants. The corporate defendant had a contract with the owners of property located in Greenwich, Connecticut to erect an office/retail building and, in connection with that project, Aetna issued a Performance Bond and a Labor and Material Payment Bond. Aetna claims that corporate defendant was unable to achieve substantial completion within the time required under the terms of the contract with the owners and, therefore, the owners terminated the contract thereby requiring Aetna to fulfill its obligations under the Performance Bond by paying the owners the sum of $290,163.00. Aetna also claims that it fulfilled its obligations under the Labor and Material Payment Bond by paying various materialmen and subcontractors the amount of $245,568.50. Aetna now seeks a summary judgment asserting that the indemnity agreement which obligates the defendants to reimburse Aetna for all sums it has paid under a provision of the agreement which provides that "Aetna shall be entitled to reimbursement for any and all disbursements made by it in good faith, under the belief that it was liable, or that such disbursement was necessary or expedient."
"Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." Warner v. Konover, 210 Conn. 150, 155 (1989). The defendants contest the appropriateness of Aetna's payments under the Performance Bond and point to evidence introduced during arbitration proceedings in which the corporate defendant prevailed over the owners on issues related to the claimed obligations to pay under the Performance Bond. Under the facts presented, the court cannot conclude, as a matter of law, that Aetna would be entitled to a directed verdict with respect to payments made under the Performance Bond. Nolan v. Borkowski, 206 Conn. 495, 505 (1988). Accordingly, the motion for summary judgment on that ground is denied.
However, the payments made by Aetna under the Labor and Material Bond stand on a different footing. The affidavits filed on behalf of Aetna, which are not contested by the defendants, establish that Aetna, at various times, made payments to materialmen and subcontractors "with the cooperation of the Quinn Construction Corporation pursuant to the terms of the labor and material payment bond." The list of payments and the payees are attached to the affidavit and includes a sum of money paid to a steel subcontractor after an arbitration between the subcontractor and the corporate defendant had been decided in favor of the subcontractor. Accordingly, Aetna has demonstrated that it has CT Page 5071 made payments under the Labor and Material Bond in the amount of $245,568.50. The defendants do not contest the fact the payments under the Labor and Materials Bond were made with their cooperation nor do they contest that Aetna was required to make such payments. The sole claim made by the defendants is the assertion that, if they prevail on their counterclaim, the funds due to Aetna would be entitled to be set-off against judgment on the counterclaims. As the facts presently stand before the court, Aetna is entitled to steel subcontractor after an arbitration between the subcontractor and the corporate defendant had been decided in favor of the subcontractor. Accordingly, Aetna has demonstrated that it has made payments under the Labor and Material Bond in the amount of $245,568.50. The defendants do not contest the fact the payments under the Labor and Materials Bond were made with their cooperation nor do they contest that Aetna was required to make such payments. The sole claim made by the defendants is the assertion that, if they prevail on their counterclaim, the funds due to Aetna would be entitled to be set-off against judgment on the counterclaims. As the facts presently stand before the court, Aetna is entitled to receive a judgment in its favor for the amounts paid under the Labor and Material Bond and the defendants are obligated to reimburse Aetna for such payments under the provisions of the indemnity agreement.
The indemnity agreement also provides that the defendants shall indemnify and exonerate Aetna against all loss including interest and counsel fees. With respect to such claims, the court notes that the pleadings in this case were closed on August 16, 1988 and that the affidavit filed on behalf of the plaintiff with respect to fees does not apportion, if that is possible, the attorney's fees between the Performance Bond and the Labor and Materials Bond. Accordingly, the plaintiff is directed to file, on or before June 4, 1993, its calculations as to the amount of interest and attorney's fees to which it claims to be entitled and the defendants are directed to file a response to such claims on or before June 10, 1993. A final judgment shall not be entered until the court issues its ruling with respect to the claims for interest and attorney's fees.
RUSH, J.