[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152." [Ferryman v. Groton,]212 Conn. 138, 142, 561 A.2d 432 (1989); [Mingachos v. CBS, Inc.,]196 Conn. 91, 108, 491 A.2d 369 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." [Novametrix Medical Systems, Inc. v. BOC Group, Inc.,]224 Conn. 210, 215, 618 A.2d 25 (1992). The court "must take the facts to be those alleged in the plaintiff's complaint and construe the CT Page 5010 complaint in the manner most favorable to sustaining its legal sufficiency." [Warner v. Konover,] 210 Conn. 150, 152,553 A.2d 1138 (1989).
The defendant contends that the plaintiff has failed to allege that the wrongful acts occurred with such frequency as to indicate a general business practice. The defendant argues that the plaintiff's complaint is based on a single transaction for the sale of a muffin. The defendant concludes that the plaintiff's allegation of a single incident is legally insufficient to state a claim under CUTPA and should therefore be stricken.
The Supreme Court has never addressed the question of whether a single transaction may give rise to a CUTPA claim. The court has, however, held that a single incident is insufficient to sustain a claim of unfair practices under the Connecticut Unfair Insurance Practices Act ("CUIPA"). [Mead v.Burns,] 199 Conn. 651, 509 A.2d 11 (1986). The Appellate Court, [Quimby v. Kimberly Clark Corporation,] 28 Conn. App. 660,613 A.2d 838 (1992); interpreted this standard to apply to both CUTPA and CUIPA. "[I]n the absence of an express allegation that the defendant's conduct constituted a `general business practice' [the plaintiff's claim does] not suffice to establish a violation of either CUIPA or CUTPA." Id., 671-72. "The law suit instituted by the plaintiff is a single isolated instance as distinguished from `unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' A single instance or even isolated instances of unfair practices do not warrant actions under CUTPA." [Koehm v.Kuhn,] 41 Conn. Sup. 130, 139 558 A.2d 1042 (1987, Levine, J.), citing [Mead,] supra. See also [Duncan v. BurnsideMotors, Inc.,] 2 CSCR 379 (February 26, 1987, O'Neill, J.); [Middlesex Mutual v. Travelers Ins. Co.,] Superior Court, Judicial District of Middlesex, Docket No. 60094, (May 6, 1993, Higgins, J.). But see [Levesque v. Kris Enterprises,]4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.); [Metpath, Inc. v. IDS Corp.,]3 Conn. L. Rptr. 349 (March 12, 1991, Aronson, J.), [Ransam v.Amerilink Ltd.,] 3 Conn. L. Rptr. 382 (March 19, 1991, Dranginis, J.).
The better rule requires a plaintiff to allege a pattern of conduct indicating a course of business practice by the defendant in order to sustain a claim under CUTPA and the defendant's motion to strike the plaintiff's CUTPA claim is CT Page 5011 therefore granted.
SYLVESTER, J.