[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff has filed a three count complaint claiming that the defendant is liable for the balance on three separate demand notes. The defendant filed an answer and special defenses of (1) breach of the implied covenant of good faith and fair dealing, and (2) payment.
The plaintiff moves to strike these defenses arguing that they are not recognizable special defenses in the present action nor are the allegations pleaded in support of the special defense of breach of the implied covenant of good faith and fair dealing legally sufficient to establish the special defense.
"As between the original parties . . . a promissory note is nothing more than a written contract for the payment of money. . . . Since the note was a contract, the fundamental rules CT Page 3307 governing contract law are applicable." (Citations omitted.)Appliances, Inc. v. Yost, 181 Conn. 207, 210-11 (1980). Since the plaintiff is bringing suit on three separate demand notes, contract defenses are available to the parties in the present case.
The defense of breach of the implied duty of good faith and fair dealing has been recognized by the Court as a valid special defense. See Habetz v. Condon, 224 Conn. 231, 238 (1992) (every contract carries an implied covenant of good faith and fair dealing requiring that neither party will do anything that will injure the right of the other to receive the benefits of the agreement);Warner v. Konover, 210 Conn. 150, 154 (1989) (every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement).
The defense of payment is recognized as a valid special defense. "Practice Book § 164 requires that payment must be pleaded as a special defense even when non-payment of the debt is alleged by the plaintiff. . . ." Thompson Peck, Inc. v. HarborMarine Contracting Corporation, 203 Conn. 123, 132 (1987); seeConnecticut Bank Trust Co. v. Dadi, 182 Conn. 530, 532 (1980) (payment, even though nonpayment has been alleged by the plaintiff, must be specially pleaded as a special defense).
Although the subject special defenses are recognized, the court must determine whether the defendant has pleaded sufficient facts. "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Bennet v. Automobile Insurance Company ofHartford, 230 Conn. 795 (1994).
The defendant has asserted the defense of breach of an implied duty of good faith and fair dealing to all three counts of the plaintiff's complaint. Specifically, the defendant claims that the plaintiff breached his duty in that (a) "[d]uring the period of good faith negotiations and meetings to work out an orderly payment on the debt, the plaintiff swept corporate accounts leaving no balances"[1]; (b) "[t]he effect of these actions was that the corporation could no longer continue in business or even liquidate its business, all to the detriment of the defendant"; and (c) "[t]he defendant also offered assets to satisfy the debts, and the plaintiff refused to accept the assets and continue[d] to litigate, thereby increasing legal fees, interest, and costs, again all to the detriment of the defendant." CT Page 3308
"An implied covenant of good faith and fair dealing is [e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Internal quotation marks omitted.) Eis v. Meyer,213 Conn. 29, 36-37 (1989). "The phrase `good faith' is used in a variety of contexts, and its meaning varies somewhat within the context. Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. . . ." (Internal quotation marks omitted.) Warner v. Konover, supra, 210 Conn. 155. It has also been "suggested that, in arm's length transactions, the good faith performance doctrine permits the exercise of discretion for any purpose reasonably within the contemplation of the parties but forbids the exercise of discretion for the purpose of recapturing opportunities foregone at the formation of the contract." Id.
Allegations (a) and (b) in support of the alleged breach of the implied covenant of good faith and fair dealing are legally insufficient to establish the special defense. The default provision was an express term of the subject Notes and Guaranty, therefore, the defendant was required to plead that such provision was contrary to public policy, which he failed to do.
Allegation (c) in support of the alleged breach of the implied covenant of good faith and fair dealing is legally sufficient to establish the special defense. "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleading, the defendant must await the evidence which must be adduced at trial, and the motion should be denied."Liljedahl Bros. v. Grigsby, 215 Conn. 345, 348 (1990).
In the present case, the pleadings do not state the actual assets that were offered as compensation for the debt owed to the plaintiff. In ruling on a motion to strike, the court "must construe . . . [the] facts most favorably to the . . . [pleader]."Novametrix Medical Services v. BOC Group, Inc., supra, 224 Conn. 215. The defendant must be allowed the opportunity to present specific evidence in support of his claim.
The defendant's special defenses of (1) breach of the implied CT Page 3309 covenant of good faith and fair dealing and (2) payment are legally sufficient. Accordingly, the plaintiff's motion to strike said special defenses is denied.
Martin, J.