[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process matter, the plaintiff (BISS) claims the defendants Schatz and McKenna are unlawfully in possession of certain premises located at 49 Main Street in the town of Hebron. The property is a store within a shopping plaza where said defendants operate a delicatessen. CT Page 1431-IIII
In October 1991, the original tenants, Emmons and Kosciol, entered into a written lease with BISS for a term of three years with an option to renew for two additional terms of three years each. By 1995 Emmons and Kosciol were having financial problems and there was a history of late rental payments and overdue sewer assessment payments which the lease obligated the tenants to pay. They had informed the managing officer of BISS that they would probably have to either sell or close the business.
On or about May 22, 1995, Brian Reed, the managing officer of BISS, was contacted by a local realtor concerning a prospective buyer he had procured. Reed told the realtor he would speak to his attorney about it and on or about May 25, 1995 Reed called the realtor back saying he needed financial information and a business history about the proposed buyers. On May 30, 1995, a credit report for Schatz and McKenna was faxed to Reed by the realtor.
There were no further communications concerning the proposed assignment of the lease from Emmons and Kosciol to Schatz and McKenna until June 1, 1995.
On June 1, 1995, the attorney representing Emmons and Kosciol called Reed and informed him that his clients had sold the business and assigned the lease to Schatz and McKenna. Reed expressed his displeasure that the assignment was made without his consent which the terms of the lease require, and without a reasonable opportunity to investigate the background and financial standing of the assignees.
Our case law provides that a landlord has the right to withhold consent to an assignment of a lease in a manner consistent with good faith and fair dealing. Warner v. Konover,210 Conn. 150, 155 (1989). Case law also holds that failure to provide adequate information as to one's financial responsibility may be a valid reason to withhold consent. Robinson v. Weitz,171 Conn. 545, 551 (1976).
The defendants argue that equitable considerations should bar the plaintiff from a judgment for possession, although conceding BISS did not give its written consent. The Court finds BISS did not give consent, written or verbal, to the assignment.
The defendants, while claiming equitable considerations for CT Page 1431-JJJJ their position, have themselves failed to deal equitably with the plaintiff. The lease provision requiring consent to an assignment was known, or should have been known to them. They were represented by legal counsel in this transaction and were not misled or taken advantage of by BISS.
The credit report which was submitted on May 30, 1995 was not fully understood by Reed nor did he have a reasonable opportunity to review it with his attorney, or to ask for additional information. Further, Reed was not provided with summary of the business experience or background of Schatz and McKenna prior to the assignment, although he had asked for that as well. Reed was not made aware a closing would be taking place and was not apprised of it until it was a fait accompli. In short, the plaintiff was not given an opportunity to approve or disapprove the defendants as tenants.
The defendants claim that they should be able to bootstrap themselves as acceptable tenants by, pointing to a history of regularly making use and occupancy payments since June 1995 and by submitting their business summary sometime after the lease was assigned.
They claim that BISS wanted the lease to end in order to get out from under a non-competing business clause, thereby allowing a larger (higher rent paying) tenant to lease property within the shopping center.
The defendants Schatz and McKenna have raised several special defenses and a counterclaim.
As to the first special defense raising an equitable argument over me unpaid sewer assessment, that really is a non-issue. The amount owing is small approximately $157.00 — and Schatz and McKenna are willing and able to pay it. If that were the sole basis for the plaintiff's claim, equitable relief would rightfully be available to them.
The second special defense which claims the landlord failed to give notice of the claimed default in the lease with thirty days to cure the default, is simply inapplicable to this situation. The defendants are attempting to bootstrap their unlawful possession into a lawful one by this end run argument. The terms of the lease require prior written consent to an assignment and, do not allow the assignment to be made with CT Page 1431-KKKK thirty days thereafter for the landlord to object. This is a strained interpretation which the Court does not adopt.
Special defenses three and four have been specifically abandoned.
For the foregoing reasons the Court finds the issues for the plaintiff on its complaint and also for the plaintiff on the counterclaim.
The plaintiff shall have judgment of possession.
Klaczak, J.