[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Echezona Alintah, commenced this action against the defendant, National Grange Mutual Insurance Company CT Page 4764 (National Grange), to recover damages for the defendant's alleged refusal to pay the plaintiff's insurance claim. The plaintiff alleges that he was issued an insurance policy wherein the defendant agreed to provide coverage for property damage to the plaintiff's automobile, as well as uninsured and underinsured motorist benefits in accordance with General Statutes § 38a-336. According to the complaint, the plaintiff suffered personal injuries and property damage in an automobile accident on or about September 22, 1990, while the policy was in full force and effect. The plaintiff claims that the defendant unreasonably refused to pay the plaintiff's claim, accusing the plaintiff of insurance fraud. Although the defendant eventually paid the plaintiff's property claim and the plaintiff's claim for personally injuries was resolved through arbitration, the plaintiff now seeks to recover damages for the defendant's unreasonable delay and lack of good faith in settling the insurance claim.
The defendant has filed a motion to strike counts two through four of the plaintiff's complaint, along with the portions of the plaintiff's prayer for relief seeking punitive damages and attorney's fees.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems.Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
In the second count, the plaintiff alleges that the defendant's unreasonable delay and lack of good faith in settling the plaintiff's claim under the insurance policy constitute a breach of the defendant's duty to deal fairly and in good faith with the plaintiff. The defendant argues that the plaintiff has failed to allege the necessary elements of a claim for breach of the obligation of good faith and fair dealing, i.e., wanton and malicious injury, and, therefore, that the second count of the plaintiff's complaint should be stricken.
The implied covenant of good faith and fair dealing applies CT Page 4765 to a variety of contractual relationships, including insurance contracts. Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190, 540 A.2d 693 (1988). "The concept of good faith and fair dealing is essentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Internal quotation marks omitted.) Id. The issue is whether the plaintiff's complaint can reasonably be read to allege that the defendant's conduct constituted a breach of the implied covenant of good faith and fair dealing. Warner v. Konover, 210 Conn. 150, 156,553 A.2d 1138 (1989).
In the present case, the plaintiff essentially alleges that the defendant failed to act in good faith in settling the plaintiff's insurance claim and accused the plaintiff of insurance fraud without justification. The second count of the plaintiff's complaint can reasonably be read to allege that the defendant's conduct constituted a breach of the implied covenant of good faith and fair dealing and raises an issue as to the legitimacy of the defendant's conduct. See Warner v. Konover,
supra, 210 Conn. 156 (allegation that defendant's consent to assignment of lease was conditioned upon a substantial increase in rent sufficient to state a claim for breach of the implied covenant of good faith and fair dealing). Accordingly, the defendant's motion to strike the second count is denied.
In the third count, the plaintiff alleges that the defendant acted in violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-816(6). In paragraph sixteen of the complaint, the plaintiff alleges that the defendant committed a number of acts that are defined as unfair claim settlement practices in § 38a-816(6). In addition, the plaintiff alleges that the defendant's unfair conduct was committed with such frequency as to indicate a general business practice in that the conduct was carried out repeatedly during the pendency of the plaintiff's claim for a period of approximately two and one half years.
The defendant argues that count three is legally insufficient because CUIPA does not create a private right of action. In addition, the defendant argues that the plaintiff's allegations involve a single claim and, therefore, that the plaintiff failed CT Page 4766 to allege that the defendant engaged in wrongful conduct with such frequency as to indicate a general business practice as required under General Statutes § 38a-816(6).
In response, the plaintiff argues that the allegations in the complaint clearly involve a pattern of misconduct in connection with multiple claims. According to the plaintiff, the allegations in the complaint involve at least two claims, i.e., a claim for property damage and a claim for personal injuries, and the defendant is now estopped from claiming that they amount to a single claim because it was the defendant who initially treated them separately. In addition, the plaintiff argues that the allegations involve numerous violations of General Statutes §38a-816(6).
Regardless of whether CUIPA creates a private right of action, the plaintiff has failed to allege facts sufficient to establish that the defendant engaged in wrongful conduct "with such frequency as to indicate a general business practice" as required under General Statutes § 38a-816(6). "[A] claim under CUIPA predicated upon unfair claim settlement practices in violation of § 38a-816(6) requires proof that the unfair settlement practices were committed or performed with such frequency as to indicate a general business practice." Lees v.Middlesex Ins. Co., 229 Conn. 842, 847-48, 643 A.2d 1282 (1994). "[T]he legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." Id., 849. Although the plaintiff argues that the allegations in the complaint involve numerous violations of § 38a-816 (6) with respect to multiple claims, the plaintiff's claim against the defendant arises out of a single automobile accident. SeeQuimby v. Kimberly Clark Corp., 28 Conn. App. 660, 671-72,613 A.2d 838 (1992) (allegations of multiple unfair claim settlement practices by insurer in connection with a single claim does not state a claim under CUIPA); Gunther v. Maryland Casualty Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310959 (January 25, 1996, Levin, J.) (16 Conn. L. Rptr. 113, 115) (the mishandling of two insureds' claims relating to a single automobile accident does not rise to the level of a general business practice for purposes of stating a claim under CUIPA). "The gravamen of the plaintiff's claim is that the defendant unfairly failed to settle [his] claim, and [his] claim alone . . . . [T]he defendant's alleged improper conduct and the handling of a single insurance claim, without any evidence of misconduct of the defendant in the processing of any other claim, CT Page 4767 does not rise to the level of a `general business practice' as required by Section 38a-816(6)." Lees v. Middlesex Ins. Co.,
supra, 229 Conn. 849. Accordingly, the defendant's motion to strike the third count is granted.
In count four, the plaintiff alleges that the defendant acted in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq. In paragraph sixteen of count four, the plaintiff alleges that the defendant committed a number of acts that are defined as unfair claim settlement practices in § 38a-816(6). Again, the plaintiff alleges that the defendant's unfair conduct was committed with such regularity as to indicate a general business practice.
In order to state a claim under CUTPA based on a violation of CUIPA, the defendant argues that the plaintiff must allege facts sufficient to establish that the defendant committed the alleged acts of misconduct with such frequency as to indicate a general business practice. According to the defendant, because the allegations in the plaintiff's CUIPA count are legally insufficient, the plaintiff's CUTPA claim must also fail.
The Supreme Court has held that "a CUTPA claim based on an alleged unfair claim settlement practice prohibited by §38a-816(6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant `with such frequency as to indicate a general business practice.'" Lees v. Middlesex, supra, 229 Conn. 849. The allegations in the plaintiff's CUTPA count are essentially the same as the allegations in the plaintiff's CUIPA count, and amount to a claim that the defendant unfairly failed to settle the plaintiff's claim, and his claim alone. Because these allegations are legally insufficient to satisfy the requirement under CUIPA that the defendant's misconduct was committed with such frequency as to indicate a general business practice, the plaintiff's CUTPA claim must also fail. Accordingly, the defendant's motion to strike the fourth count is granted.
Finally, the defendant argues that the plaintiff cannot claim punitive damages and attorney's fees in the absence of a legally sufficient CUIPA or CUTPA claim. Because the plaintiff's CUIPA and CUTPA claims should be stricken, the defendant argues that the plaintiff's claims for punitive damages and attorney's fees must also be stricken. CT Page 4768
"Breach of contract founded on tortious conduct may allow the award of punitive damages. Such tortious conduct must be alleged in terms of wanton and malicious injury, evil motive and violence, for punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48,514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986) (allowing punitive damages in a claim for breach of contract founded on tortious misconduct).
The first count of the plaintiff's complaint is based on tortious breach of contract. The plaintiff alleges, in pertinent part, that the defendant "delayed the resolution of the plaintiff's claim and endeavored to harass the plaintiff with allegations that his statements concerning the claim were false and fraudulent, all in an effort to embarrass and intimidate the plaintiff and to force him to accept a sum less than was fair in settlement of his claim, thus enabling the defendant to profit therefrom." Complaint, Count One, ¶ 13. The defendant has not challenged the legal sufficiency of these allegations.
Viewed in the light most favorable to the plaintiff, an examination of paragraph thirteen of count one discloses tortious misconduct on the part of the defendant which would justify an award of punitive damages. The plaintiff essentially alleges that the defendant attempted to harass, embarrass and intimidate the plaintiff with false allegations of insurance fraud in an effort to force the plaintiff to accept a sum that was less than fair in settlement of the plaintiff's claim. Accordingly, the plaintiff has alleged a valid basis for an award of punitive damages and, therefore, the defendant's motion to strike the portion of the prayer for relief seeking punitive damages is denied. Nevertheless, because the plaintiff's CUTPA and CUIPA claims have been stricken, there is no basis in the complaint for an award of attorney's fees in addition to punitive damages. Thus, the defendant's motion to strike the portion of the prayer for relief seeking attorney's fees is granted.
D'ANDREA, J.