[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE FIRST COUNT OF COUNTERCLAIM
This case arises out of an agreement for the sale of certain property. The contract of sale is attached to the plaintiff's complaint (the plaintiff was the prospective buyer). The contract provided for the plaintiff's right to demand return of its deposit and cancel the contract if there was dissatisfaction with any environmental inspection report (par. 7). The contract also provided that if the purchaser failed to close under the agreement other than by reason of a default on the part of the seller, the seller "shall retain the Deposit as liquidated damages."
The plaintiff has brought suit for return of the deposit based on the contention that it was not satisfied with an environmental report that it had had prepared. The defendant in response to the plaintiff's claim states the plaintiff was not entitled to terminate the contract and demand return of the deposit money.
The defendant has also brought a counterclaim, the first count of which is subject to a motion to strike which is now before the court.
The rules to be applied on a motion to strike are well-established. The facts alleged in the complaint which is subject to attack must be construed in a way that is most favorable to the non-moving party. Amodio v. Cunningham, 180 Conn. 80, 82
(1980).
The first count of the counterclaim read in a light most favorable to the defendant can be read to claim that the plaintiff's reliance on paragraph 7 of the agreement which allowed it to terminate the agreement if it was dissatisfied with any environmental "inspection for any reason" was purely pretextual. CT Page 7108
The counterclaim alleges that, although the environmental report recommended additional subsurface inspection of the site, it did not disclose the presence of any hazardous waste on the site or contamination. No further environmental study was done after the May 1996 study and, after receiving the study, the plaintiff did not communicate any environmental concerns to the defendant.
In fact, according to the counterclaim, what happened is that in July 1996 the plaintiff's zone change application was denied and, at a subsequent July 12, 1996 meeting with the defendant, the plaintiff sought to revise the agreement by conditioning its obligation to purchase the property on the plaintiff obtaining approval for certain development of the property without a change of zone and to extend the closing date. At the meeting, the plaintiff said if the revisions were not agreed to it might terminate the agreement under paragraph 7. The defendant refused to agree to the contract revision and, within the contractually provided for time, the plaintiff purported to exercise its right to terminate the agreement because of dissatisfaction with the environment study report and demanded the return of its deposit money. The counterclaim alleges an anticipatory breach of contract and, by way of relief requests an order releasing the deposit money to it, which is now being held in escrow, and money damages.
The plaintiff contends that there is no cause of action for what in effect is a demand for return of a deposit in bad faith. The defendant has not alleged a breach of contract or a tort. The counterclaim is superfluous because the lawsuit concerns only one thing — whether the plaintiff is entitled to a return of its deposit or must the deposit be forfeited to the defendant.
This first count of the counterclaim at the least sets forth a breach of contract claim. Our state explicitly recognizes the law as set forth in Restatement (Second) Contracts § 205 which provides that: "Every contract imposes upon each party a duty of good faith and fair dealing." Cf. Warner v. Konover,210 Conn. 150, 154 (1989). The contract in par. 15 states the agreement contains the entire agreement between the parties and there is nothing in the contract which would allow the plaintiff as the prospective buyer to attempt to terminate the agreement, for example, because the defendant seller refused to amend the agreement to provide that the plaintiff's obligations under the CT Page 7109 contract would be dependent on its securing permission from zoning authorities to permit a certain type of development. The counterclaim can fairly be read to allege that the reliance on par. 7 to terminate the agreement to purchase was pretextual, thus not made in good faith and the true motive was because of the failure to secure a change in the contract terms. In other words, the defendant seller, when it entered into the agreement, was willing to run the risk that the plaintiff buyer would back out of the agreement because for good, bad or hard to understand reason it was dissatisfied with the environmental study report. It was not part of its bargained for expectation that the buyer would try to terminate the agreement because it was not satisfied with the agreed on terms and wanted to add other terms not previously bargained for by the parties. That the defendant may have difficult proof problems is not a basis to strike the count as legally insufficient.
The plaintiff also argues that this first count of the counterclaim is superfluous since resolution of its claims in the defendant's favor would mean that the deposit money would be transferred to the defendant in any event and that would be the extent of any damages the defendant could claim because of the liquidated damage clause. All of that may be true but superfluousity does not translate into absence of legal sufficiency. In effect the defendant can advance its legal position by alternative pleading — a defense to the plaintiff's claim and its own counterclaim. Besides under the liquidated damages clause the defendant's recovery is limited to the amount of the deposit. If the defendant were to prevail on its claim in the first count, query whether it would be entitled to recover interest from the date of the breach?
In any event, the court will deny the motion to strike the first count which the court understands is the only aspect of the motion to strike before it.
Corradino, J.