[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These consolidated cases are based upon a contract for the purchase and sale of real property in the City of Bridgeport under which Geza Bodnar (hereinafter ("Bodnar") was given the right to terminate and recover his deposit upon the giving of timely notice to Leonard Massello (hereinafter "Massello") in the event that Bodnar did not approve a phase I environmental assessment of the property. The attorney trial referee (hereinafter "ATR") to whom the matter was referred made several findings of fact and drew several conclusions which resulted in a recommendation that Massello return the $60,000 contract deposit. All of Massello's claims boil down to the single issue of whether Bodnar's attempt to terminate the contract was legally effective.
As a preliminary matter both Bodnar and Massello agree that it is appropriate to correct the ATR's report in the following ways: 1) correct conclusion #3 to change the extension date from March 30, 1996 to October 30, 1996; 2) Finding # 21 should read as follows: "Ciaglo testified that in his opinion the premises either met or could meet environmental standards existing at the time". Pursuant to § 19-13 the court hereby makes the above correction.[1]
Review of a report of an attorney trial referee consists of two tasks. The first is to determine whether "there was ample evidence to support the attorney trial referee's factual findings" and the second is to rule on whether "the conclusions reached were in accordance with applicable law". Thermoglaze Inc.v. Morningside Gardens, Co. 23 Conn. App. 741, 746 (1991).
As a threshold matter it is noted that no issue has been made over ATR conclusion # 3 that Bodnar gave timely notice of his intention not to proceed with the purchase. Massello rather attacks the legal effect of the notice of termination claiming that it was invalid and pretextual because the real reason for Bodnar's withdrawl from the contract is that he did not want to pay for a new roof and it was too late for him to terminate for this reason. The Court believes that its resolution of the sole issue in the case will necessarily include a resolution of the claim of pretextual conduct.
Essentially, Massello claims that Bodnar did not act in good CT Page 12606 faith upon receipt of the phase I environmental assessment, a) because he never read the study and b) because in point of fact Bodnar never did disapprove the study. The ATR has found to the contrary and the court finds that the record amply supports the ATR's findings. Moreover, as will appear from the discussion that follows the ATR properly applied the applicable law to the facts as found.
It is appropriate to begin with a consideration of the principles of law which govern the ATR's and ultimately the court's consideration of this issue. Notwithstanding Massello's argument, Bodnar's conduct is not governed by the principles found in Phillipe v. Thomas 3 Conn. App. 471 (1985). In Phillipe
a reasonable efforts standard was applied to the conduct of a contract purchaser in pursuing a course of action leading to an approval by a third person not a party to the contract (perspective mortgagee under a mortgage contingency provision). Here, there is no dispute over whether Bodnar acted reasonably in obtaining a completed phase I study. Rather, Massello complains that even though Bodnar did all that he was supposed to do leading up to production and delivery of the study he acted unreasonably in disapproving the study a) because he didn't read it but rather relied on his attorney's advice and b) because he was unwilling to spend the time and expense necessary to affect corrections of the environmental defects uncovered by the study.
The court believes the proper standard to be applied is that found in Warner v. Konover, 210 Conn. 150 (1989), that of good faith. In that case, as in this, the written contract contained no express limitation on the right of discretionary approval. Notwithstanding, the court imposed a duty of good faith on one from whom a right of approval is conferred by contract.
An implied duty of good faith dealing in a commercial contractual setting requires "that neither party do anything that will injure the right of the other to recover the benefits of the agreement". Habetz v. Condon, 224 Conn. 231, 238 (1992). In other words, Bodnar's disapproval must have been "responsive to demands of justice and good conscience". Ibid. Applying these principles to the facts of this case as found by the ATR, under the terms of § 4.1A of the contract Massello was bound to contemplate the commercially reasonable possibility that a phase I study might disclose some environmental condition which would cause a businessman to incur time and expense not found justified under the circumstances. This is especially so here where Bodnar had CT Page 12607 previously gone through a similar experience with property at Miller Place in which he invested three months of his time and $10,000 of his money.
Massello argues that Bodnar never approved or disapproved of the study because he never read it, yet Massello admits that Bodnar was entitled to rely upon the advice of his attorney in disapproving the assessment. Massello thus contradicts himself. The record adequately supports the ATR's finding that Bodnar registered his disapproval of the study on the basis of information conveyed to him by his attorney, which information was gleaned from the study and from the letter which his attorney received from his financing bank (Plaintiff's Exhibit V). Even if Bodnar's attorney failed to read the study (which is immaterial) it was sufficient for him to base his advice to his client on Plaintiff's Exhibit V.
Furthermore, Massello's claim that the environmental concerns which were uncovered by the study were readily correctable misses the point. Under the contract Bodnar had the right not to proceed if those concerns were going to cost him time and money. This is especially so in the face of Plaintiff's Exhibit V which states that Chase Bank's willingness to finance the purchase depended upon a favorable response from the Connecticut Department of Environmental Protection concerning a prior contamination, which response was estimated to take 45 days after application was made. On these facts a contract purchaser cannot be said to have acted without good faith when he exercised his contractual right of termination. In fact, that exhibit recommended that Bodnar reevaluate and reconsider his commitment to purchase the property after obtaining a response from DEP.
In view of the foregoing, judgment may enter in accordance with the recommendation of the attorney trial referee including "interim" interest. The court construes the term "interim" as embracing the period commencing with the date on which Bodnar first became entitled to a refund, namely November 26, 1996 (one week after Bodnar's last demand, Plaintiff's Exhibit N).
THE COURT,
A. WILLIAM MOTTOLESE, JUDGE