[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On November 17, 1994, the plaintiff, Robert A. Ginsburg, filed an eleven count amended complaint. Counts one through five are brought against defendants, Krass Jacobson, Barrett L. Krass, Richard C. Jacobson, Sydney W. Elkin, David L. Gussak, Kate W. Haakonsen and Jeffrey A. McChristian. Counts six through eleven are brought against defendant Mechanics Savings Bank.
The plaintiff alleges the following. On May 3, 1991, the plaintiff and the defendant Mechanics Savings Bank (hereinafter "the defendant") negotiated a distribution of the sale proceeds for the sale of property located at 29 Mountain Spring Road, Farmington, Connecticut. The plaintiff, who held a mortgage on 29 Mountain Spring Road that was subordinate to mortgages held by defendant Mechanics Savings Bank, was entitled to receive $275,000.00 for payment in full of his mortgage note upon the sale of 29 Mountain. On May 3, 1991, the defendant represented to the plaintiff that the defendant would pay the plaintiff his monthly mortgage payments due and owing according to his note and mortgage from the rental payments accruing on property located at 765 Asylum Avenue, on which the defendant, Mechanics Savings Bank, held a first and second mortgage and on which the plaintiff held a third mortgage. The plaintiff and the defendant executed the "Agreement" to codify the defendant's representation. Based on the defendant's representation, the defendant induced the plaintiff to execute a release and to accept $10,000.00 for interest arrears upon the sale of 29 Mountain Spring Road.
The defendant's representation and "Agreement" were made by the defendant when it knew, or in the exercise of reasonable care should have known, that they were not true and CT Page 3355 accurate and were made with the intent to: induce the plaintiff to execute a release of the property known as 29 Mountain Spring Road; to accept a reduced $10,000.00 payment; and facilitate the sale of 29 Mountain Spring Road. The representation and "Agreement", in fact, induced the plaintiff to execute a release of the property known as 29 Mountain Spring Road, to accept a reduced $10,000.00 payment, and to facilitate the sale of the property.
At the time that the defendant made the representation and "Agreement", it knew, or in the exercise of reasonable care should have known, that the plaintiff was not secured by a third mortgage on 765 Asylum Avenue, but in fact had a defective mortgage on 765 Asylum Avenue. The defendant made only three payments according to its representation and "Agreement" and thereafter negligently failed to comply with the terms thereof. In count seven, the plaintiff claims that these acts constitute negligent misrepresentation. The plaintiff further claims that as a result of his reliance on the representation and "Agreement", he suffered and will continue to suffer damages.
In count ten, which sounds in breach of good faith and fair dealing, the plaintiff incorporates all of the paragraphs of count seven and further alleges the following. The defendant owed the plaintiff a duty of good faith and fair dealing in its conduct during its transaction with the plaintiff with regard to the making of its representation and "Agreement". The defendant breached its duty of good faith and fair dealing when it made a representation and entered into the "Agreement" despite the fact that it knew, or in the exercise of reasonable care should have known, that plaintiff was not secured by a third mortgage on 765 Asylum Avenue, but, in fact, had a defective mortgage on 765 Asylum Avenue, therefore making its "Agreement" with the plaintiff unenforceable. The plaintiff has been damaged by the defendant's breach of good faith and fair dealing.
In count eleven, which sounds in CUTPA, the plaintiff incorporates all of the paragraphs of count seven and further alleges the following. The defendant's actions and conduct constitute unfair and deceptive acts and practices which violate General Statutes § 42-110g.
The plaintiff claims compensatory damages, punitive CT Page 3356 damages, attorney's fees and costs and any other relief as in law or equity this court deems appropriate.
On January 23, 1995, the defendant, Mechanics Savings Bank filed a motion to strike counts seven, ten and eleven of the plaintiff's complaint on the ground that they fail to state cognizable causes of action. In accordance with Practice Book § 152, the defendant filed a memorandum in support of its motion, and the plaintiff has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life Casualty Ins. Co.,
supra, 13 Conn. App. 211.
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Morav. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988). "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm ApplicationsCo. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 549-50,427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 549 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under CT Page 3357 its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985).
Count Seven — Negligent Misrepresentation
In the seventh count of the complaint, the plaintiff alleges that the defendant's "representation and `Agreement' . . . were made by the defendant when it knew, or in the exercise of reasonable care should have known, that they were not true and accurate and were made with the intent to induce the plaintiff to execute a release of the property known as 29 Mountain Spring Road, Farmington, to accept a reduced $10,000.00 payment and to facilitate the sale of 29 Mountain Spring Road."
The defendant argues that the plaintiff's negligent misrepresentation claim is legally insufficient because the alleged negligence does not relate to any false statement made by the defendant. Specifically, the defendant argues that the plaintiff does not allege that the defendant failed to exercise reasonable care in obtaining or conveying information upon which the plaintiff justifiably relied, which he claims is an essential element to a negligent misrepresentation claim.
In opposition, the plaintiff argues that the facts alleged in count seven fairly apprise the defendant of his intent to pursue a claim for negligent misrepresentation.
Our Supreme Court has set forth the principles of negligent misrepresentation in D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 218,520 A.2d 217 (1987).
 One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. CT Page 3358
Id., 218, citing § 552 of the Restatement Second of Torts (1979). Further, the D'Ulisse-Cupo court explained that the pleader need not use the precise language of the Restatement to establish a claim for negligent misrepresentation. Id., 219. The court articulated that "[a]lthough numerous courts have quoted directly from the Restatement Second in describing the elements of an action for negligent misrepresentation, we have discovered no cases, nor have the defendant's furnished any, in which a court has struck a claim for negligent misrepresentation merely because the complaint lacked such an allegation." D'Ulisse-Cupo v. Board of Directors of NotreDame High School, supra, 202 Conn. 219. Moreover, "under the rules of practice governing pleading, a party may plead legal effect as long as the pleading fairly [apprises] the adverse party of the state of facts which it is intended to prove." (Internal quotation marks omitted.) Id., 220.
The plaintiff's allegation that "the defendant's, Mechanics Savings Bank, representation and `Agreement' . . . were made by the defendant when it knew, or in the exercise of reasonable care should have known, that they were not true and accurate . . . .", (Plaintiff's complaint, count seven, para. 8), necessarily implies that the defendant did not exercise reasonable care or competence in communicating with the plaintiff about its representation and "Agreement." The plaintiff need not specifically allege that the defendant did not exercise reasonable care or competence in communicating with the plaintiff concerning its representation and "Agreement" with the plaintiff. Although the complaint could have alleged the nature of the defendant's negligence more precisely, the lack of "linguistic specificity" does not warrant striking the seventh count. Id., 220. Therefore, the defendant's motion to strike count seven should be denied.
Count Ten — Breach of Good Faith and Fair Dealing
The defendant argues that the "plaintiff's allegations in count ten fail to state a legally cognizable claim for breach of the duty of good faith and fair dealing because they relate to the making and breach of a contract, not to the performance or enforcement of the contract." In opposition, the plaintiff argues that every contract carries with it an implied covenant of good faith and fair dealing regardless of whether the conduct occurred pre- or post-contract formation. CT Page 3359
"[E]very contract imposes upon each party a duty of good faith and fair dealing in its performance and in its enforcement." Warner v. Konover, 210 Conn. 150, 154,553 A.2d 1138 (1989); see Restatement (Second), Contracts, Sec. 205. "The concept of good faith and fair dealing is [e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Internal quotation marks omitted.)Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190,540 A.2d 693 (1988). "The implied good faith covenant relates to performance and enforcement of a contract. Section 42a-1-203
of the Uniform Commercial Code provides: Every contract or duty within this title imposes an obligation of good faith in its performance or enforcement." (Internal quotation marks omitted.) Cooper v. Burby, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 38 75 63 (April 29, 1992, Satter, J.)
"Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party . . . ." Neiditz v. Housing Authority, 43 Conn. Sup. 283, 294
(1994, Holzberg, J.), citing Warner v. Konover, supra,210 Conn. 155. However, "[t]he covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and what is in dispute is a party's discretionary application or interpretation of a contract term." Neiditz v. Housing Authority, supra, 43 Conn. Sup. 294. Where the dispute does not concern a discretionary decision by the plaintiffs, but rather the existence of the contract itself, the issue is whether the agreement was induced by fraud, not whether a party exercised bad faith in discharging their contractual obligations. Id. Where the issue is whether the contract was induced by fraud, and therefore unenforceable, the covenant of good faith and fair dealing is not implicated. Id.
In the present case, the plaintiff, in count ten, alleges that the defendant breached its duty of good faith and fair dealing "by acting deceptively when it made a representation and entered into the `Agreement' despite the fact that it knew, or in the exercise of reasonable care should have known, that plaintiff was not secured by a third mortgage on 765 Asylum Avenue but, in fact, had a defective mortgage on 765 CT Page 3360 Asylum Avenue, therefore making its `Agreement' with the plaintiff unenforceable." (Amended Complaint, count ten, para. 14.) The plaintiff's allegations of breach of good faith and fair dealing relate to the pre-agreement stage of its relationship with the defendant. The plaintiff does not allege that the defendant breached its duty of good faith and fair dealing in its performance or enforcement of the contract.
Since the plaintiff's allegations are limited to the preagreement stage, the covenant of good faith and fair dealing is not implicated. Accordingly, the defendant's motion to strike count ten of the plaintiff's complaint is granted.
Count Eleven — Breach of CUTPA
The defendant argues that the "[p]laintiff was never in a consumer/commercial relationship with mechanics and therefore cannot assert mechanics violated CUTPA." In opposition, the plaintiff argues that "[n]o direct consumer/commercial relationship need exist between plaintiff and defendant as a prerequisite to a CUTPA claim."
Our Supreme Court in Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 627 A.2d 374 (1993), explained that "a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her. CUTPA was, after all, enacted by the legislature to `put Connecticut in the forefront of state consumer protection. . . .' 16 H.R. Proc., Pt. 14, 1973 Sess., p. 7324, remarks of Representative Howard A. Newman." Id., 727. In the present case, the only possible characterization of the relationship between the plaintiff and the defendant is that they are both creditors of the same debtor. Therefore, the plaintiff lacks any type of consumer relationship to the defendant and, therefore, the plaintiff has failed to plead sufficient facts, which if proven, would support a cause of action in CUTPA. Accordingly, the defendant's motion to strike the eleventh count of the plaintiff's complaint is granted.
Hale, State Trial Referee, J. CT Page 3361