[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gwendolyn Gunther, has filed a four count CT Page 641 complaint against the defendants, Maryland Casualty Co., (Maryland Casualty), and two of its employees, Andrew Esslinger and Diane Warner, stemming from a claim submitted by the plaintiff following an automobile accident. The first and second counts of the complaint allege breach of an automobile insurance contract between Gunther and Maryland Casualty and a breach of the attendant covenant of good faith and fair dealing, respectively. In the third count of her complaint, Gunther alleges that Maryland Casualty has violated General Statutes § 38a-815 et seq., the Connecticut Unfair Insurance Practices Act, (CUIPA).[1] In the fourth count of her complaint, the plaintiff alleges that the allegations contained in the third count of her complaint also constitute a breach of General Statutes § 42-110(b) et seq., the Connecticut Unfair Trade Practices Act, (CUTPA). Maryland Casualty has filed a motion for summary judgment as to the third and fourth counts of the plaintiff's complaint.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any circular or statement, sales presentation, omission or other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorp. , 229 Conn. 99, 103, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law, and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id., 105. Furthermore, "[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.)Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993).
Maryland Casualty argues that its motion for summary judgment should be granted as to the plaintiff's CUIPA claim because the alleged unfair claim settlement practices cannot, as a matter of law, constitute a violation of CUIPA. Relying upon Lees v. Middlesex Ins. Co., 229 Conn. 842, 643 A.2d 1282
(1994), Maryland Casualty argues that, even if true, the plaintiff's allegations, because they are limited to a single CT Page 642 insurance claim, do not demonstrate a general business practice on the part of Maryland Casualty, and are thus legally insufficient to constitute a violation of CUIPA. Maryland Casualty further contends that if the CUIPA claim is legally insufficient, the CUTPA claim, which is founded solely upon a violation of CUIPA, is also legally insufficient. Maryland Casualty therefore argues that its motion for summary judgment should also be granted as to the CUTPA claim stated in the fourth count of the plaintiff's complaint.
The plaintiff argues that the allegations contained in count three of her complaint are sufficient to constitute a CUIPA claim and that, therefore, Maryland Casualty's motion should be denied. First, the plaintiff observes that Maryland Casualty's contention that the plaintiff has alleged unfair claim settlement practices as to only her own claim is incorrect as the plaintiff has also alleged that Maryland Casualty mishandled the claim of another of its insureds, William Mountjoy.[2] Second, the plaintiff contends that her allegation in paragraph twenty-two of the third count of her complaint that Maryland Casualty's alleged unfair conduct was a matter of business policy makes her CUIPA claim legally sufficient. Third, the plaintiff argues that she need not allege or prove that all of the actions she complains of were Maryland Casualty's general business practices. Instead, the plaintiff contends that she has alleged violations of provisions of CUIPA that do not require a showing that the actions complained of constituted a general business practice. For these three reasons, the plaintiff argues that the Maryland Casualty's motion for summary judgment should be denied as to the third count of the complaint. It follows, the plaintiff argues, that because the defendant's motion for summary judgment as to the fourth count of the complaint is premised upon the court's granting of the motion as to the third count, the motion as to the fourth count must also be denied.
Maryland Casualty's motion for summary judgment challenges the legal sufficiency of the plaintiff's complaint. Ordinarily, "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993), cert. denied, 228 Conn. 908, 643 A.2d 297 (1993). "[T]he defendant did not," as it could have, "challenge the legal sufficiency CT Page 643 of the complaint through a motion to strike. A challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint. See Practice Book §§ 112 and 113. However, our Supreme Court has held that `"[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails so to do, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, [motion to strike] or otherwise." Stavnezer v. Sage-Allen Co., 4 146 Conn. 460,461, 152 A.2d 312 [1959]. Thus, failure by the defendants to [move to strike] any portion of the amended complaint does not prevent them from claiming that the [plaintiff] had no cause of action and that a judgment in their favor was not warranted. Brill v. Ulrey, 159 Conn. 371, 374, 269 A.2d 262
(1970).' Robert S. Weiss Associates, Inc. v. Wiederlight,208 Conn. 525, 535 n. 5, 546 A.2d 216 (1988)." (Footnotes omitted.) Id., 769. For that reason, a defendant may use a motion for summary judgment, not for pleading deficiencies, but to challenge the legal sufficiency of a complaint "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Boucher Agency v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540
(1971).
A claim under CUIPA "predicated upon alleged unfair claim settlement practices in violation of § 38a-816(6) requires proof that the unfair claim settlement practices were committed or performed with such frequency as to indicate a general business practice."[3] Lees v. Middlesex Ins. Co., supra, 229 Conn. 848.
In Lees v. Middlesex Ins. Co., the court held that two or more unfair claim settlement practices in relation to only one insurance claim is not sufficient to demonstrate a general business practice as required by § 38a-816(6). The court observed that "[i]n requiring proof that the insurer has engaged in unfair claim settlement practices, with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instance of insurer misconduct." (Footnote omitted, internal quotation marks omitted.) Id., 849. CT Page 644
In the present case, the plaintiff argues that, unlike the plaintiff in Lees v. Middlesex Ins. Co., she has alleged that Maryland Casualty mishandled her own claim and that of another driver involved in the same accident, also insured by Maryland Casualty.[4] Nevertheless, Maryland Casualty's mishandling of two insureds' claims relating to a single automobile accident cannot rise to the level of a general business practice for purposes of stating a claim for unfair claim settlement practices under CUIPA. Compare Bergen v.Standard Fire Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, No. 44099 (1995) ("The plaintiffs maintain that this is more than a single claim [as] there are multiple plaintiffs and defendants and two policies involved. However, the court believes that since this action involves one loss based upon a single insured premises, it comes within the holding of Lees v. Middlesex Ins. Co.") Therefore, even if the plaintiff has alleged that Maryland Casualty mishandled another claim in addition to her own, such allegations do not, by themselves, make the plaintiff's complaint legally sufficient under the facts of the present case.
The plaintiff also argues that her allegation in paragraph twenty-two of the third count of her complaint that Maryland Casualty has engaged in unfair claim settlement practices as a matter of business policy makes her CUIPA claim legally sufficient. Similar allegations have been held to satisfy the pleading requirements under CUIPA. See, eg., C MTechnology, Inc. v. The Travelers, Ins. Co., Superior Court, judicial district of Middlesex, No. 72968, (1995); Lamour v.Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford, No. 049034 (1995); Weston Group v. U.S.Fidelity and Guarantee, Superior Court, judicial district of Stamford/Norwalk at Stamford, No. 124352 (1993) (Rush J.); but see White v. Nationwide Mutual Fire Insurance Co., Superior Court, judicial district of Waterbury, No. 118633 (1995); Rotzv. Middlesex Mutual Assurance Co., Superior Court, judicial district of Fairfield at Bridgeport, No. 307488 (1995) (Hauser,J.); Ciarleglio v. Fireman's Fund Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, No. 276028 (1993) (Fuller, J.). The court finds that the plaintiff's allegation that it was Maryland Casualty's business policy to engage in unfair claim settlement practices satisfies the pleading requirement under § 38a-816(6). Moreover, Maryland Casualty has not provided any affidavits or other evidence to demonstrate that the practices alleged by the plaintiff are CT Page 645 inconsistent with Maryland Casualty's general business practice. Therefore, Maryland Casualty has failed to demonstrate that no genuine issue of material fact exists as to its general business practice and has thus failed to meet its burden with respect to its motion for summary judgment. See Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 105.
Furthermore, the plaintiff's allegation in paragraph 21f of the third count of her complaint that Maryland Casualty has violated § 38a-816(1), (2), (7), and (15) have not been adequately addressed by Maryland Casualty. An allegation such as that made in paragraph 21f, without any factual support, would ordinarily constitute a conclusion of law; see Waugh v.Nationwide Mutual Insurance Co., Superior Court, judicial district of New Haven at Meriden, No. 244326 (1995) (Silbert,J.); which would not be deemed admitted on a motion to strike, challenging the legal sufficiency of a complaint or count thereof. Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). Because, however, the defendant is challenging the legal sufficiency of the complaint by way of a motion for summary judgment, rather than motion to strike, it cannot avail itself of such pleading deficiencies which would have been corrected as of right by the plaintiff's filing a substitute pleading pursuant to Practice Book § 157 had a motion to stike [strike] been filed. Cf. Pratt v. Old Saybrook,225 Conn. 177, 185 (1993). In the present posture of the litigation, in order to prevail upon its motion Maryland Casualty must demonstrate the absence of any genuine issue of material fact as to all of the alleged CUIPA violations.Boucher Agency v. Zimmer, supra, 160 Conn. 409. In addition Maryland Casualty must establish with respect to the alleged violations that it is entitled to judgment as a matter of law. Id. Maryland Casualty's assertion that § 38a-816(1), (2), (7), and (15) do not "have anything to do with unfair claim settlement practices," does not establish that Maryland Casualty has not violated those provisions of CUIPA or that Maryland Casualty is entitled to judgment as a matter of law. This is especially so in light of the complete lack of any evidence submitted by Maryland Casualty to demonstrate its compliance with those provisions.[5] For these reasons, Maryland Casualty has failed to satisfy its burden with respect to its motion for summary judgment on the third count of the plaintiff's complaint; Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 105, and the defendant's motion for summary judgment is therefore denied as to that count. Furthermore, CT Page 646 because Maryland Casualty's motion for summary judgment as to the fourth count is premised upon the court's granting of the motion as to the third count, the motion for summary judgment is denied as to the fourth count as well.
BY THE COURT
Bruce L. Levin Judge of the Superior Court