[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE #109
On April 3, 1997, the plaintiff, Mildred Norton, filed a complaint against the defendant, Metropolitan Property and Casualty, seeking payment of underinsured motorist benefits. The plaintiff also alleges a violation of the Connecticut Unfair Insurance Practices Act (CUTPA), General Statutes § 38a-815a et seq., and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
On August 20, 1997, the defendant filed a motion to strike counts two and three of the complaint on the ground that "the plaintiff has not pleaded a proper factual predicate for a [CUIPA] claim or a [CUTPA] claim . . . . The complaint also does not allege facts supporting a claim of a general business practice by [the defendant]."
During oral argument, the plaintiff conceded that the CUTPA claim derives from the CUIPA claim. Therefore, if the CUIPA claim fails, the CUTPA claim must also be stricken.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut. Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106, 137 CT Page 12290 L.Ed.2d 308 (1997).
The court in Alintah v. National Grange, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146571 (Apr. 24, 1997, D'Andrea, J.), was faced with a motion to strike on similar grounds. The court stated: "[A] claim under CUIPA predicated upon unfair claim settlement practices in violation of § 38a-816 (6) requires proof that the unfair settlement practices were committed or performed with such frequency as to indicate a general business practice . . . . [T]he legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct . . . . Although the plaintiff argues that the allegations in the complaint involve numerous violations of §38a-816 (6) with respect to multiple claims, the plaintiff s claim against the defendant arises out of a single automobile accident. See Quimby v. Kimberly Clark Corp. 28 Conn. App. 660,671-72, 613 A.2d 838 (1992) (allegations of multiple unfair claim settlement practices by insurer in connection with a single claim does not state a claim under CUIPA); Gunther v. Maryland Casualty Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310959 (January 25, 1996, Levin, J.) (16 Conn. L. Rptr. 113, 115) (the mishandling of two insureds' claims relating to a single automobile accident does not rise to the level of a general business practice for purposes of stating a claim under CUIPA). The gravamen of the plaintiff's claim is that the defendant unfairly failed to settle her claim, and her claim alone . . . . [T]he defendant's alleged improper conduct and the handling of a single insurance claim, without any evidence of misconduct of the defendant in the processing of any other claim, does not rise to the level of a general business practice' as required by Section 38a-816 (6)." Alintah v. National Grange,
supra, Superior Court, Docket No. 146571. See Heyman AssociatesNo. 1 v. Insurance Co. of Penn., 231 Conn. 756, 796, 653 A.2d 122
(1995); Mead v. Burns, 199 Conn. 651, 659, 509 A.2d 11 (1986). See also Reis v. Mutual of Omaha Ins. Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 1218020 (Feb. 8, 1993, Nigro, J.).
In the present case, the plaintiff's claim arises out of a single automobile accident. The plaintiff pleads the "magic words" of the relevant statute, however, the gravamen of the complaint "is that the defendant unfairly failed to settle her claim, and her claim alone." The court notes that the plaintiff pleads that "the defendant has engaged in such unfair . . . CT Page 12291 practices with insureds other than [the plaintiff.]" This, however, is a legal conclusion that the court will not consider when deciding a motion to strike. See Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993) ("A motion to strike does not include . . . the legal conclusions or opinions stated in the complaint.")
The present case involves an isolated instance of insurance misconduct. The plaintiff has failed to allege facts amounting to a legally sufficient cause of action for violations of CUIPA and CUTPA. The defendant's motion to strike counts two and three of the complaint, therefore, is granted.
MINTZ, J.