[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#126)
This case comes to this court as a motion to strike the third count of the plaintiffs' complaint motion #126.
On February 1, 1996, the plaintiff, Laura Pote, filed a one count complaint against the defendant Nationwide Insurance Company ("Nationwide"). This complaint sounded in violation of Connecticut's uninsured and underinsured motorist coverage statute, specifically, General Statutes § 38a-336.[1]
On July 7, 1997, Laura Pote filed an amended complaint. On February 27, 1998, Laura Pote filed a second amended complaint ("complaint") which is the operative complaint for purposes of the present motion to strike. The complaint consists of the following three counts: count one, regarding Laura Pote, sets forth a violation of General Statutes § 38a-336; count two, regarding Laura Pote's husband, Robert Pote, repeats the allegations of the violation of the regarding Laura Pote's husband, Robert Pote, repeats the allegations of the violation of the uninsured motorist statute as set forth in the first count and further sets forth a claim for loss of consortium; and count three addresses claims by both Laura and Robert Pote and sounds in violation of the Connecticut Unfair Insurance Practices Act[2] and in violation of the Connecticut Unfair Trade Practices Act.[3]
Laura Pote's complaint alleges the following facts: "On or about November 24, 1992, . . . Robert Pote, had a contract for CT Page 9945 automobile insurance with the defendant, Nationwide Insurance Company . . . which policy included $300,000 coverage for uninsured and underinsured motorist benefits. . . . [and] Laura Pote, is covered under the contract . . ." (Complaint, Count One, ¶¶ 3-4.) The complaint further alleges that "[a] motor vehicle . . . operated by Chanue Bynes . . . collided with [Laura Pote's] vehicle causing [Laura Pote] to suffer and sustain severe personal injuries . . ." (Id., ¶ 6.)
Laura Pote alleges that "[t]he motor vehicle liability insurance . . . coverage for, Chanue Bynes . . . was exhausted . . . and is inadequate to fully compensate [Laura Pote] [and] [s]aid injuries . . . are the legal responsibility of the defendant, Nationwide Insurance Company, pursuant to the terms of said contract of insurance and in accordance with section 38a-336 of the Connecticut General Statutes." (Complaint, Count One, ¶¶ 11-12.)
Laura Pote alleges that "[t]he defendant [Nationwide] has acted in bad faith in refusing to fulfill the contractual obligations it owes to the plaintiffs . . . and [the] defendant has acted in bad faith in refusing to reasonably and fairly settle . . . constitutes an unfair insurance practice as defined in Section 38a-816 and is violative of the Connecticut Unfair Insurance Practices Act." (Complaint, Count Three, ¶¶ 15-17.) Moreover, Laura Pote alleges that "[t]he defendant's conduct, in violation of the Connecticut Unfair Insurance Practices Act, constitutes an unfair trade practice and is violative of the Connecticut Unfair Trade Practices Act . . ." (Id., ¶ 18.)
On March 23, 1998, Nationwide filed a motion to strike the third count of the plaintiffs' complaint, which alleges a violation of CUIPA and CUTPA, on the ground that "the Plaintiffs fail to allege sufficient facts to warrant a claim for relief [under CUTPA and CUIPA]." (Motion To Strike, p. 1.) Nationwide filed a memorandum of law in support of this motion.
The plaintiffs timely filed a memorandum of law in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.CT Page 9946United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions. . . ." (Internal quotation marks omitted.) Id., 588. "In [considering] a motion to strike . . . [courts] must construe the facts alleged in the complaint in a light most favorable to the pleader." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Nationwide moves to strike the third count of the Potes' complaint on the ground that it fails to allege sufficient facts to show a violation of CUIPA or CUTPA. (Motion To Strike, p. 1.)
The Potes argue that "[t]he Plaintiffs have alleged sufficient facts tending to prove a general business practice of insurance misconduct by the Defendant, and which necessarily imply that the Defendant has made a practice of unfair insurance acts. These allegations allege conduct sufficiently violative of the CUIPA and therefore an unfair trade practice in violation of CUTPA." (Memorandum In Opposition To Defendant's Motion To Strike, p. 3.)
Nationwide argues that "the gravamen of the Plaintiffs' Complaint is that the Defendant failed to pay underinsured motorist benefits pursuant to the Plaintiffs' insurance policy, and her policy alone. The Plaintiffs do not make any allegations that the Defendant has similarly failed to pay benefits presented by other claimants under similar circumstances. As a result, the Plaintiffs have failed to allege that the Defendant has committed the alleged wrongful act `with such frequency as to indicate a general business practice.'" (Memorandum of Law In Support Of Motion To Strike, p. 4.)
The Potes argue that their amended complaint alleges "both, that the Defendants acted in bad faith in refusing to fulfill the contractual obligations it owes the Plaintiffs pursuant to the terms of the insurance contract between the parties . . . and that the Defendants acted in bad faith in refusing to reasonably settle the matter between the parties. The Plaintiffs further allege that both of these activities together, not just one, constitute unfair insurance practices . . . and are violative of the Connecticut Unfair Insurance Practices Act (CUIPA), and as CT Page 9947 such constitute unfair trade practices in violation of the Connecticut Unfair Trade Practices Act. . . ." (Memorandum of Law In Opposition To Defendant's Motion To Strike, p. 1-2.) The plaintiffs argue that they have alleged two acts of unfair insurance practices which tends to show a general business practice of unfair insurance acts.
"In a CUTPA or CUIPA claim, the insurers liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted.)Heyman Associates No. 1 v. Insurance Company of Pennsylvania,231 Conn. 756, 790, 653 A.2d 122 1995). "Section 38-816 (6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice. . . ." (Internal quotation marks omitted.) Id., 796. "In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage and CUIPA isolated instances of insurer misconduct." (Internal quotation marks omitted.) Lees v.Middlesex Insurance Co., 229 Conn. 842, 849, 643 A.2d 1282
(1994.) "We conclude that the defendant's alleged handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a general business practice' as required by 38a-816
(6)." Id.
Furthermore, "a CUTPA claim based on an alleged unfair claim settlement practice prohibited by 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice has been committed or performed by the defendant `with such frequency as to indicate a general business practice.'" Lees v. MiddlesexInsurance Co., supra, 229 Conn. 850.
This court has previously decided a case wherein the plaintiffs alleged improper conduct in the handling of a single insurance claim and granted the defendants' motion to strike the complaint because the plaintiffs allegations failed to state a CT Page 9948 CUIPA violation. See Deleonard v. Metropolitan Property andCasualty Insurance Co., Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. 142770, (September 10, 1996, Karazin, J.). See also "Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 671-72, 613 A.2d 838 (1992) (allegations of multiple unfair claim settlement practices by insurer in connection with a single claim does not state a claim under CUIPA); Gunther v. Maryland Casualty Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310959 (January 25, 1996, Levin, J.) (16 Conn. L. Rptr. 113, 115) (the mishandling of two insureds' claims relating to a single automobile accident does not rise to the level of a general business practice for purposes of stating a claim under CUIPA)."Alintah v. National Grange, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146571 (April 24, 1997, D'Andrea, J.). "The gravamen of the plaintiff[s'] claim is that the defendant unfairly failed to settle [their] claim, and [their] claim alone. . . . [T]he defendant's alleged improper conduct and the handling of a single insurance claim, without any evidence of misconduct of the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by Section 38a-816 (6)." Lees v. MiddlesexIns. Co., supra, 229 Conn. 849. Accordingly, the defendant's motion to strike the third count is granted.
The present case is indistinguishable. The plaintiffs argue that they are making two claims but both claims involve the defendant's handling of a single insurance claim based on a single car accident and this fails to rise to the level of frequency required under CUIPA. In addition, the Supreme Court has held that "a CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant `with such frequency as to indicate a general business practice.'" Lees v. MiddlesexIns. Co., supra, 229 Conn. 849. The plaintiffs allege a violation of both CUIPA and CUTPA in the third count and amounts to a claim that the defendant unfairly failed to settle the plaintiffs' claim, and their claim alone. Because these allegations are legally insufficient to satisfy the requirement under CUIPA that the defendant's misconduct was committed with such frequency as to indicate a general business practice, the plaintiffs CUTPA claim must also fail. Accordingly, the defendant's motion to strike the third count of the plaintiffs' complaint is granted. CT Page 9949
KARAZIN, J.